IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHANY BUILDING, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | NO.   02-2707 |
| | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, by and through their counsel, Chief Deputy City Solicitor Michael F. Eichert, hereby answer Plaintiff's complaint as follows:

Summary and Overview of the Case

It is denied that Defendants violated any of Plaintiff's rights.  It is specifically denied that Defendants failed to grant Plaintiff and rights to which Plaintiff was entitled under the Due Process Clause.  It is denied that Plaintiff is entitled to any compensatory or punitive damages, equitable relief, or relief in mandamus, as a result of any of the facts alleged in Plaintiff's complaint.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Plaintiff's Summary and Overview of the Case, and said allegations are therefore denied and strict proof thereof is demanded at trial.

1. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

2. Admitted in part and denied in part. It is denied that the City or any of its agencies, departments or employees violated Plaintiff's due process rights. The remaining allegations as to the identity of the parties are admitted.

3. Admitted in part and denied in part. It is denied that the City Council or any of its agencies, departments or employees violated Plaintiff's due process rights. The remaining allegations as to the identity of the parties are admitted.

4. Admitted in part and denied in part. It is denied that the Executive Director of the Fairmount Park Commission of the City of Philadelphia or any of its agencies, departments or employees violated Plaintiff's due process rights. The remaining allegations as to the identity of the parties are admitted.

5. Admitted in part and denied in part. It is denied that Councilman O'Neill or any of the City's agencies, departments or employees violated Plaintiff's due process rights. It is further denied that Councilman O'Neill controlled any of the City's agencies, departments, or that the City or any of its agencies acted in furtherance of Councilman O'Neill's interests. The remaining allegations as to the identity of the parties are admitted.

6. Denied that Defendant O'Neill acted in concert with or was the agent for the Dungan Civic Association. It is denied that Councilman O'Neill or any of the City's agencies, departments or employees violated Plaintiff's due process rights. It is further denied that Councilman O'Neill controlled any of the City's agencies, departments, or that the City or any of its agencies acted in furtherance of Councilman O'Neill's interests.

7. Denied.

8. - 44. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

45. Denied.

46. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

47. Admitted.

48. - 50. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

51. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff was told that the Ordinance could only be submitted by Defendant O'Neill, and said averments are therefore denied and strict proof thereof is demanded at trial. By way of further answer, it is denied this is "an unwritten law."

52. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

53. Denied.

54. - 64. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

65. Denied.

66. - 85. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

86. Denied.

87. - 92.

93. Denied.

94. - 100. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. The allegations of this paragraph are conclusions of law to which no response is required, and are therefore deemed denied.

106. - 107. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

108. Denied.

109. Defendants incorporate their responses to paragraphs 1 through 108 of Plaintiff's complaint herein.

110. - 114. Denied.

115. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

116. - 122. Denied.

123. Defendants incorporate their responses to paragraphs 1 through 122 of Plaintiff's complaint herein.

124. Denied.

125. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

126. Denied.

127. -129. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

130. - 131. Denied.

132. Admitted that Dungan Civic Association is not part of the legislative branch of government. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

133. - 136. Denied, and further denied that the Municipalities Planning Code applies to the City of Philadelphia.

137. Defendants incorporate their responses to paragraphs 1 through 136 of Plaintiff's complaint herein.

138. - 152.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Defendants incorporate their responses to paragraphs 1 through 155 of Plaintiff's complaint herein.

157. - 165.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at trial.

166. - 169.   Denied.

## AFFIRMATIVE DEFENSES

1.   Defendants have not deprived Plaintiff of the use or enjoyment of any of its property, and therefore Plaintiff is not entitled to compensation.

2.   Defendants' policies and actions were at all times reasonable, and were based on rational policies that are reasonably related to legitimate governmental interests.

3.   Plaintiff failed to exercise reasonable care and diligence to avoid or lessen the consequence of any harm that it may have suffered.

4.   Plaintiff's failure to mitigate damages bar in whole or in part plaintiff's claims for damages.

5.   Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. This Honorable Court lacks subject matter jurisdiction over the state law claims alleged in the Complaint.

7. Plaintiff's Complaint fails to state any cause of action upon which relief can be granted.

8. Defendant President of City Council, Executive Director of Fairmount Park Commission, and Councilman O'Neill are protected by the doctrine of qualified immunity, in that they did not know nor reasonably should have known that any of their actions or omissions would violate the constitutional rights of Plaintiff.

9. Defendants' actions and policies were not the result of deliberate indifference to Plaintiff's constitutional rights. Defendants' actions alleged in the complaint, if in fact they occurred, were privileged, justified, and/or unintentional.

10. Plaintiff has not been deprived of any right secured by the Constitution, nor has Defendant deprived the Plaintiff of any constitutionally protected property interest.

11. If Plaintiff suffered the damages alleged in the complaint, such damages were cause and/or proximately caused by the acts or omissions of Plaintiff.

12. Plaintiff at all times had available adequate state procedures to challenge the ordinances, regulations and acts of the City of Philadelphia that are at issue in this suit, and therefore there has been no violation of Plaintiff's right to procedural due process.

13. None of the ordinances, regulations and acts of the City of Philadelphia that are at issue in this suit were motivated by any bias, bad faith, or improper motive, nor do they shock the conscience, and therefore there has been no violation of Plaintiff's right to substantive due process.

14. The complaint is barred by the doctrines of waiver, estoppel and/or laches.

15. Defendants did not act with deliberate indifference or reckless disregard for plaintiff's civil rights, nor did any unconstitutional policy, practice or custom of the City of Philadelphia cause

harm to the Plaintiff.

16. The Municipalities Planning Code, 53 P.S. § 10101, et seq., does not apply to the City of Philadelphia.

17. Some or all of Plaintiff's claims are barred, in whole or in part, by the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, et seq.

18. Plaintiff's claim for just compensation is not ripe for adjudication, and this Court has no jurisdiction over such claim, for the reason that Plaintiff has failed to pursue its remedies under the Pennsylvania Eminent Domain Code.

WHEREFORE, Defendants respectfully request that this Honorable Court enter judgment in its favor and against the Plaintiff on all counts.

Respectfully Submitted,

Michael F. Eichert
*Chief Deputy City Solicitor*
PA Attorney I.D. No. 25102
Christopher I. McCabe
*Senior Attorney*
PA Attorney I.D. No. 48296
Attorney for Defendants

City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA  19102
(215) 683-5023

**CERTIFICATE OF SERVICE**

I hereby certify that have today served a true and correct copy of the Defendants' Answer and Affirmative Defenses upon counsel of record, by first class mail, addressed as follows:

Brian P. Cleere, Esquire
Cleere & Cleere, P.C.
Suite 214, 50 E. Wynnewood Rd.
Wynnewood, PA  19096

_____
Michael F. Eichert

Date:   December 3, 2002